IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

SHANA L. ANDERSON, )
 )
        Plaintiff, )
 )
vs. ) Case No. 04-3524-CV-S-ODS
 )
JO ANN B. BARNHART )
Commissioner of Social Security, )
 )
        Defendants. )

ORDER AND OPINION REVERSING AND REMANDING CASE TO
COMMISSIONER OF SOCIAL SECURITY FOR RECONSIDERATION

Pending is Plaintiff's appeal of the Commissioner's final decision denying her disability benefits. The matter is remanded to the Commissioner for reconsideration.

I. BACKGROUND

A. Procedural History

On August 31, 2002, Plaintiff filed an application for Supplemental Security Income Benefits. Her application was initially denied. Upon Plaintiff's request, a hearing before an Administrative Law Judge was held on July 18, 2003. On December 23, 2003, the ALJ issued a decision in which he found that Plaintiff was not under disability within the meaning of Social Security Act. On September 17, 2004, the Appeals Council of the Social Security Administration denied Plaintiff's request for review.

B. ALJ's Findings

The ALJ found that Plaintiff has not engaged in any substantial gainful activity during the period in question. She has a seizure disorder, headaches, depression, borderline intellectual functioning and a cognitive disorder that are considered "severe" under the Social Security Act. Her mental impairments produce slight restriction of activities of daily living, moderate limitation of social functioning and moderate limitation of the ability to maintain concentration, persistence or pace, but have resulted in no episodes of decompensation of extended duration. He found that Plaintiff's impairments

do not meet or equal in severity the appropriate medical findings set forth in Appendix 1, Subpart P, Regulations Part 404. The ALJ concluded that Plaintiff's subjective complaints and other allegations are not fully credible. The ALJ gave little weight to the neuropscholgical specialist who diagnosed Plaintiff with epilepsy. There was no examination by a consulting physician, and the residual capacity assessment of record was completed by a non-physician counselor.

The ALJ found Plaintiff is unable to perform her past relevant work due to her medically determinable impairments. She is a younger individual with limited education and does not have skills that are transferable to work within the residual functional capacity. R. at 31. However, based on the framework of Rule 202.18 and the testimony of the vocational expert, the ALJ concluded there are other jobs existing in significant numbers in the national economy of Plaintiff would be able to perform. The ALJ concluded that Plaintiff had not been under a disability as defined by the Social Security Act at any time through the date of his decision. R. at 31.

C. Instructions for Remand

The Court believes remand is proper in this case. The ALJ gave little weight to the neuropsychological specialist, Dr. Myers. The ALJ improperly discounted this specialist's credibility because Dr. Myers evaluated Plaintiff only one time. Similarly, the ALJ took issue with the ten-month lapse between the evaluation and when Dr. Myers filled out the "check block" form. Plaintiff was referred to Dr. Myers as a specialist by her treating physician, Dr. Wong. Dr. Myer's conclusions are consistent with the medical findings up to the date of his examination. Further, Dr. Myer's provided a written narrative for purposes of Plaintiff's treatment at the time of the evaluation and filled out the check block form upon request, which was ten months after the initial evaluation. On remand, proper weight should be given to the medical opinions of Dr. Myers. In addition Commissioner is directed to obtain a consulting opinion from a neurology specialist to better ascertain Plaintiff's limits or capabilities. Finally, the record should be reopened to allow Plaintiff to submit additional medical records from Dr. Wong and Dr. Myers.

## II. CONCLUSION

Therefore, this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.
IT IS SO ORDERED.


Date: December 14, 2005                    /s/   Ortrie D. Smith
                                                    ORTRIE D. SMITH, JUDGE
                                                    UNITED STATES DISTRICT COURT